IN THE UNITED STATE DISTRICT COURT
STATE OF UTAH

| | |
|---|---|
| SCOTT WORKMAN,<br><br>                              Plaintiff,<br><br>vs.<br><br>JENNIFER VALENCIA, individually and in her official capacity as Justice of the Second Judicial District Court,<br><br>                              Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 1:24-cv-00111<br><br>District Court Judge Tena Campbell<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

The case is before the undersigned pursuant to a 28 U.S.C. § 636(b)(1)(B) referral from District Court Judge Tena Campbell.[1]

On June 28, 2024 Plaintiff Scott Workman[2] filed his federal action against State of Utah District Court Judge Jennifer Valencia, in both her individual and official capacity.[3] Judge Valencia filed a Motion to Dismiss Plaintiff's complaint on September 30, 2024.[4] As of this date, Plaintiff has not responded to Judge Valencia's Motion and the time within which to do so has

---

[1] ECF No. 5, Notice of Non-Consent.

[2] Throughout this Report and Recommendation, Plaintiff Scott Workman is referred to as "Plaintiff" or "Workman".

[3] ECF No. 1 at 1. Throughout this Report and Recommendation, Defendant is referred to as "Defendant" or "Judge Valencia".

[4] ECF No. 8, Defendant's Motion to Dismiss and Memorandum in Support ("Motion").

1

expired.[5] Accordingly, for the reasons stated herein the Court recommends that the District Court grant Defendant's Motion for dismissal.[6]

## BACKGROUND

This case arises from a debt collection lawsuit filed by Cyprus Credit Union against Workman in the Second District Court of Davis County, Utah.[7] In that action, the credit union alleged that Workman violated the terms of the parties' Security Agreement. Judge Valencia was assigned and presided over the state court action.[8] On June 14, 2024, Judge Valencia granted Cyprus Credit Union's motion for summary judgment and on June 26, 2024 judgment was entered against Workman in the amount of $24,789.78.[9]

In the current case, Workman brings 42 U.S.C. § 1983 and *Bivens* claims against Judge Valencia on the grounds that the judge's state court summary judgment ruling was unconstitutional and in violation of Plaintiff's Fourth, Fifth, Ninth and Fourteenth Amendment rights. As relief, Workman asks this court to declare Defendant's summary judgment ruling unconstitutional and issue a summary judgment order against Judge Valencia in the amount of $25,000.00.[10]

---

[5] *See* DUCivR 7-1(a)(4).

[6] ECF No. 8.

[7] ECF No. 8-1, *Cyprus Credit Union v. Scott Workman,* Case, No. 249701217, Second District Court State of Utah, Verified Complaint. Throughout the Report and Recommendation this case is also referred to as the "state court action".

[8] *Id.*

[9] *Id.*

[10] *Id.* at 5.

## **STANDARD OF REVIEW**

In reviewing the complaint the court accepts all well-pleaded factual allegations and views the allegations in a light most favorable to the plaintiff, drawing all reasonable inferences in Workman's favor.[11]

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted."[12] To avoid dismissal, a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[13] The court, however, need not accept conclusory allegations.[14] Rather, "a plaintiff must offer specific factual allegations to support each claim."[15]

Because Plaintiff proceeds *pro se*, the court construes his filings liberally and holds him "to a less stringent standard than formal pleadings drafted by lawyers."[16] Nonetheless, Plaintiff must still "follow the same rules of procedure that govern other litigants,"[17] and the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[18]

---

[11] *See Wilson v. Montano,* 715 F.3d 847, 852 (10th Cir. 2013).

[12] Fed. R. Civ. P. 12(b)(6).

[13] *Hogan v. Winder,* 762 F.3d 1096, 1104 (10th Cir. 2014) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

[14] *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

[15] *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1214 (10th Cir. 2011); *see also Twombly,* 550 U.S. at 555 (plaintiff's pleading must include "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.").

[16] *Hall*, 935 F.2d at 1110.

[17] *Garrett v. Selby, Connor, Maddux & Hamer,* 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted),

[18] *Smith v. United States,* 561 F.3d 1090, 1096 (10th Cir. 2009) (*quoting Whitney v. New Mexico,* 113 F.3d

Finally, the court typically considers "only the contents of the complaint when ruling on a 12(b)(6) motion."[19] However, in the context of a motion for dismissal, the court may also consider "(1) documents that the complaint incorporates by reference, (2) documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents authenticity, and (3) matters of which the court may take judicial notice."[20] Any facts subject to judicial notice "may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment."[21] Generally, court dockets, orders and other official records are properly subject to judicial notice.[22]

Here, the court takes judicial notice of those official court documents issued by Judge Valencia in connection with the underlying state court action.

## **DISCUSSION**

As explained below, this court lacks subject-matter jurisdiction over Workman's claims challenging the underlying state court proceedings. In turn, Plaintiff's individual claims against Judge Valencia are barred under judicial immunity and Workman fails to state an official capacity claim under either § 1983 or *Bivens*.[23]

---

1170, 1173-74 (10th Cir. 1997)).

[19] *Goodwill Industries of Central Oklahoma, Inv. v. Philadelphia Indemnity Insurance Company,* 21 F.4th 704, 709, 2021 U.S. App. LEXIS 37802 (10th Cir. 2021) (citation omitted).

[20] *Matney v. Barrick Gold of N. Am.,* 80 F.4th 1136, 1151 n. 11 (10th Cir. 2023) (citations and quotation omitted).

[21] *Tal v. Hogan,* 453 F.3d 1244, 1265 (10th Cir. 2006).

[22] *See Sexton v. Evergreen Vill. Cmty., MHC, LLC,* 2020 U.S. Dist. LEXIS, at * 2 (D. Utah July 20, 2020); *see also United States v. Henson,* 9 F.4th 1258, 1267 (10th Cir. 2021).

[23] *See generally, Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

### **The Court Lacks Subject Matter Jurisdiction Over Challenges To The Underlying State Court Proceedings**

This court lacks jurisdiction over Workman's claims that his constitutional rights were violated in the underlying state court action pursuant to the *Rooker-Feldman* and *Younger* doctrines.[24]

Under the *Rooker-Feldman* doctrine, "federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments."[25] In the Tenth Circuit, the doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."[26]

Where the underlying state court case resulted in a final judgment against Workman,[27] the *Rooker-Feldman* doctrine bars Plaintiff from challenging the constitutionality of the judgment in federal district court and this court lacks jurisdiction to adjudicate Workman's claim. Instead, the state appellate process is the proper forum for Plaintiff to seek review of the state court action he seeks to challenge.

### **Plaintiff Fails to State a Claim Under 42 § 1983 or *Bivens***

To the extent Workman attempts to bring any other claim against Defendant under 42 U.S.C. § 1983 or *Bivens*, he fails to state a plausible claim for relief. As set forth below,

---

[24] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

[25] *Bisbee v. McCarty,* 3 F. App'x. 819, 822 (10th Cir. 2001) (unpublished) (*citing Feldman,* 460 U.S. at 486; *Rooker,* 263 U.S. at 415).

[26] *Guttman v. Khalsa,* 446 F.3d 1027, 1032 (10th Cir. 2006) (internal quotations omitted).

[27] ECF No. 8-2.

Plaintiff's individual capacity claim against Judge Valencia for monetary relief is barred by judicial immunity. Further, any claim against Judge Valencia in her official capacity also fails because she is not a proper defendant under 42 U.S.C. § 1983 or *Bivens*.

### **Judicial Immunity**

Judicial immunity bars Plaintiff's claims for monetary damages against Judge Valencia in her individual capacity.[28] The doctrine of judicial immunity is well-established and allows judicial officers to "perform their functions without harassment or intimidation."[29] There are two main exceptions to the doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2) when the act, though judicial in nature, is taken in the complete absence of all jurisdiction."[30] Workman does not allege either.

Regarding the first exception, there is no allegation that Judge Valencia's actions were not judicial in nature or taken outside her role as a judge. To the contrary, the actions Workman challenges relate to Judge Valencia's summary judgment order, issued in her role as the judge presiding over the state court action.[31] Regarding the second exception, Plaintiff fails to assert that Judge Valencia acted in the absence of jurisdiction. While Workman challenges jurisdiction he does so in the context of his disagreement with Judge Valencia's summary judgment ruling

---

[28] *Edwards v. Hare,* 682 F. Supp 1528, 1531 (D. Utah, Mar 29, 1988) ("Absolute judicial immunity shields a judge from money damages in a 42 U.S.C.S. § 1983 civil rights suit.").

[29] *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir. 1986).

[30] *Stein v. Disciplinary Bd. of the Supreme Court of New Mexico,* 529 F.3d 1183, 1195 (10th Cir. 2008) (internal quotation marks omitted).

[31] *See Martinez v. Winner,* 771 F.2d 424, 434 (10th Cir. 1985) ("An act is judicial if it is a function normally performed by a judge and the parties dealt with the judge in [her] judicial capacity.").

and her alleged failure to apply the Uniform Commercial Code.[32] Disagreement with a ruling, however, does not deprive Judge Valencia of judicial immunity and Workman offers no factual basis to conclude that Judge Valencia lacked jurisdiction over the underlying state court action.[33]

Utah courts are vested with judicial power[34] and "the [state] district court shall have original jurisdiction in all matters except as limited by this constitution or by statute, and power to issue all extraordinary writs."[35] Thus, as an appointed Utah state court judge, Judge Valencia had jurisdiction to resolve Cypress Credit Union's claims against Workman and Defendant is entitled to judicial immunity from Workman's claims for monetary damages. Again, the proper remedy for Workman's disagreement with Judge Valencia's ruling is an appeal, not litigation against the judge.

### A State Judge In Their Official Capacity Is Not A Proper Defendant Under 42 U.S.C. § 1983 and *Bivens*

Plaintiff also fails to state a plausible claim for relief against Judge Valencia in her Official capacity because a state court judge acting in their official capacity is an improper defendant under 42 U.S.C. §1983 or *Bivens*.

42 U.S.C. § 1983 provides a remedy against a "person" who violates federal rights while

---

[32] ECF No. 1 at 4. In granting summary judgment in favor of Cypress Credit Union, Plaintiff asserts Judge Valencia "willfully disregarded The Federal Reserve Act and the United States (UCC) Standard of laws that govern commercial transactions."

[33] *Stump v. Sparkman,* 435 U.S. 349, 363, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978) ("Disagreement with the action taken by the judge . . .does not justify depriving that judge of [her] immunity.").

[34] UT Const. VIII § 1.

[35] UT Const. VIII § 5.

acting under color of state law.[36] Thus, only a person may be a proper defendant. "Neither the state, nor a governmental entity that is an arm of the state . . . , nor a state official who acts in his or her official capacity, is a 'person' under § 1983."[37] As a result, Plaintiff's claim against Judge Valencia in her official capacity fails.

Further, Workman fails to state a claim under *Bivens* since a *Bivens* claim "can be brought only against federal officials in their individual capacities" and as a state court judge, Judge Valencia is not a federal official.[38]

## **RECOMMENDATION**

For the reasons set forth above, the undersigned RECOMMENDS that Workman's claims challenging the underlying state court judgment be dismissed without prejudice for lack of subject matter jurisdiction under Rule 12(b)(1), pursuant to the *Rooker-Feldman* doctrine.[39]

FURTHER, the undersigned recommends that Plaintiff's claim for monetary damages against Judge Valencia be barred by judicial immunity and that Plaintiff's claims be dismissed for failure to state a plausible claim for relief under § 1983 or *Bivens*.

The Clerk's Office is DIRECTED to send copies of this Report and Recommendation to all parties who are hereby notified of their right to object.[40] The parties must file any objection to

---

[36] 42 U.S.C. § 1983; *Jojola v. Chavez,* 55 F.3d 488, 492 (10th Cir. 1995).

[37] *Harris v. Champion,* 51 F.3d 901, 905-06 (10th Cir. 1995).

[38] *Smith v. United States,* 561 F.3d 1090, 1099 (10th Cir. 2009).

[39] *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1216 (10th Cir. 2006) ("A longstanding line of cases from this circuit holds that where the district court dismissed an action for lack of jurisdiction, . . . the dismissal must be without prejudice.").

[40] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

this Report and Recommendation within fourteen (14) days of service. Failure to object may constitution waiver of the objections upon subsequent review.

DATED this 19th day of November 2024.

BY THE COURT

_____
DUSTIN B. PEAD
Magistrate Judge
United States District Court