IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SCOTT WORKMAN,<br><br>     Plaintiff,<br><br>v.<br><br>JUDGE JENNIFER VALENCIA,<br>individually and in her official capacity as<br>Judge of the Second District Court,<br><br>     Defendant. | **MEMORANDUM DECISION AND<br>ORDER OF DISMISSAL**<br><br><br>Case No. 1:24-cv-00111-TC-DBP |

On November 19, 2024, United States Magistrate Judge Dustin B. Pead issued a Report & Recommendation (R&R) (ECF No. 10) recommending that the court grant Defendant Jennifer Valencia's Motion to Dismiss (ECF No. 8).  Judge Valencia is a Judge on the Second District Court for the State of Utah and Plaintiff Scott Workman sues her in connection with an adverse ruling she made against him in a state court case in which Mr. Workman was a defendant.  Mr. Workman asks this court to declare Judge Valencia's ruling on summary judgment unconstitutional and to issue injunctive release ordering Judge Valencia to rescind her order and instead issue an order in favor of Mr. Workman and against Cyprus Credit Union, the Plaintiff in the state court action.  (Compl., ECF No. 1 at 4.)

Judge Pead found that, under the Rooker-Feldman doctrine,[1] this court lacks subject matter jurisdiction over Mr. Workman's claims concerning the state court action.  (R&R at 5.) Moreover, Judge Pead found that any claims for monetary damages against Judge Valencia were

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462 (1983).

barred by judicial immunity and that, in any event, Mr. Workman failed to state a plausible claim

for relief under 42 U.S.C. § 1983 or <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388

(1971).

 Mr. Workman filed objections to the R&R on December 2, 2024.  (Objection to R&R,

ECF No. 11.)  He argues that Judge Valencia is not entitled to immunity because she acted

outside her jurisdiction to issue a judgment against him.  (<u>Id.</u> at 1–2.)  He further maintains that

the doctrine of judicial immunity does not bar suits against judges for injunctive relief.  (<u>Id.</u> at 2–

3.)  But Mr. Workman did not address the <u>Rooker-Feldman</u> doctrine, other than to argue that this

court has subject matter jurisdiction over this action because it arises under the Federal Reserve

Act and the Uniform Commercial Code.[2]  (<u>Id.</u> at 2.)

 The court has reviewed the matter and the R&R <u>de novo</u>, as required by 28 U.S.C.

§ 636(b)(1)(C), and finds that Mr. Workman's objections are meritless.  The <u>Rooker-Feldman</u>

doctrine holds that federal district courts "lack jurisdiction to adjudicate claims seeking review of

state court judgments."  <u>Bisbee v. McCarty</u>, 3 F. App'x 819, 822 (10th Cir. 2001) (citing <u>D.C.</u>

<u>Ct. of Appeals v. Feldman</u>, 460 U.S. 462, 486 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263, U.S.

413, 415 (1923)).  That is true even if a plaintiff alleges that a state court judge has violated the

Constitution.  <u>See</u> <u>Feldman</u>, 460 U.S. at 486 (finding that district courts lack jurisdiction "over

challenges to state court decisions in particular cases arising out of judicial proceedings even if

those challenges allege that the state court's action was unconstitutional"); <u>Van Sickle v.</u>

<u>Holloway</u>, 791 F.2d 1431, 1436 (10th Cir. 1986) ("A federal district court does not have the

---

[2] As discussed below, the <u>Rooker-Feldman</u> doctrine bars this court from considering Mr.
Workman's claims even if the state court lawsuit did involve federal laws.  But the Uniform
Commercial Code is a state, not a federal law, and the Federal Reserve Act is wholly
inapplicable here.

authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court." (citing 28 U.S.C. § 1257)).

Mr. Workman asks this court to overturn the final judgment of a Utah state court. Under Rooker-Feldman, this court lacks subject matter jurisdiction to consider this claim. Indeed, the Tenth Circuit has recently upheld the dismissal of a similar action from the District of Utah under this rationale. See Klock v. State of Utah, No. 24-4084 (10th Cir. Dec. 12, 2024) (affirming that the district court did not have subject matter jurisdiction to consider a suit challenging the final judgment of two state-court judges, among other defendants, even if those judges were accused of violated the Constitution). As Judge Pead noted, "the state appellate process is the proper forum for Plaintiff to seek review of the state court action he seeks to challenge." (R&R at 5.)

Because the court has no subject matter jurisdiction over this action, it need not consider whether Mr. Workman's claims must also be dismissed under the doctrine of judicial immunity or because Mr. Workman fails to state a claim. The court notes, however, that Judge Valencia's summary judgment ruling—in which she held that Mr. Workman could not unilaterally change the terms of a promissory note that he had failed to honor—was well within the scope of her judicial authority.

The court therefore agrees with Judge Pead that the case should be dismissed for lack of subject matter jurisdiction.

## ORDER

The court GRANTS Judge Valencia's Motion to Dismiss (ECF No. 8) and DISMISSES this action WITHOUT PREJUDICE for lack of subject matter jurisdiction.

DATED this 17th day of December, 2024.

BY THE COURT:

Tena Campbell
United States District Judge